SEYFARTH SHAW LLP
Joshua A. Rodine (SBN 237774)
jrodine@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
WAYFAIR, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| MARIANA RAMIREZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, LLC, a Delaware Limited Liability Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  5:21-cv-588<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441**<br><br>[Riverside Co. Superior Court Case No. CVRI2100871]<br><br>[Filed concurrently with Civil Case Cover Sheet, Corporate Disclosure Statement, Notice of Interested Parties, and Declarations]<br><br>Complaint Filed: February 17, 2021<br>Complaint Served: March 3, 2021 |

To the United States District Court for the Central District of California, Plaintiff, and his attorneys of record:

Please take notice that Defendant Wayfair, LLC ("Wayfair" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332(a), in order to effectuate the removal of the above-captioned action from the Superior Court of the State

of California, County of Riverside, to the United States District Court for the Central District of California. Removal is proper for the following reasons:

**I.** **BACKGROUND**

1. On February 17, 2021, Plaintiff Mariana Ramirez ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Riverside, titled *Mariana Ramirez v. Wayfair, LLC, a Delaware Limited Liability Corporation; and DOES 1 through 100, inclusive*, Case No. CVRI2100871 ("Complaint").

2. The Complaint asserts causes of action against Wayfair, LLC ("Wayfair") for: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Provide Reasonable Accommodation; (3) Failure to Engage in the Interactive Process; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation; and (6) Wrongful Termination in Violation of Public Policy.

3. On March 3, 2021, Plaintiff served Wayfair with the Summons and Complaint. A true and correct copy of Plaintiff's Complaint served on Wayfair is attached as **Exhibit 1**.

4. On April 1, 2021, Wayfair filed its Answer to the Complaint in Riverside County Superior Court. A true and correct copy of Wayfair's Answer filed in Riverside County Superior Court is attached as **Exhibit 2.**

5. **Exhibits 1 and 2** constitute all of the pleadings served on Wayfair and/or filed by Wayfair in the state court action prior to filing this Notice of Removal. (Declaration of Joshua A. Rodine ["Rodine Dec."] ¶ 3.) Aside from the case management conference scheduled for August 24, 2021, there are no pending hearings currently scheduled in the Riverside County Superior Court in the state court action. (Rodine Dec. ¶ 3.)

**II.** **TIMELINESS OF REMOVAL**

6. This Notice of Removal is timely because it is being filed within thirty days of any defendant's receipt of the Summons and Complaint on March 3, 2021. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)

DEFENDANT'S NOTICE OF REMOVAL

69057403v.2

(explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law).

## III.   DIVERSITY JURISDICTION: THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

7.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a)(1). Defendant may remove it from state to federal court pursuant to 28 U.S.C. section 1441(b) because this action involves citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

8.      **Plaintiff Mariana Ramirez.** For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state"). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

9.      Objective facts that can establish Plaintiff's domicile include, but are not limited to, location of real property, place of employment, and payment of taxes. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes").

DEFENDANT'S NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10.    At the time Plaintiff filed this civil action, Plaintiff was a citizen and resident of the State of California. Plaintiff alleges in the Complaint that "at all times relevant herein, [Plaintiff] was, and is, an individual residing in the City of Moreno Valley, County of Riverside, State of California." (Compl. ¶ 1.) Plaintiff alleges she was employed by Wayfair within the State of California from approximately 2017 until February 4, 2021. (Compl. ¶¶ 9, 10, 12.)

11.    Plaintiff's home address during the period when she worked at Wayfair was within the State of California. (Declaration of Melveen Stevenson ["Stevenson Dec."] ¶ 5.) There are no documents in Plaintiff's personnel file to suggest in any way that she is currently, or during the periods of her employment was, a domiciliary or citizen of any state other than California. (Stevenson Dec. ¶ 6.)

12.    Plaintiff's admission that she is a resident of Riverside County, California, her employment in California, and her personnel records all establish that Plaintiff is domiciled in California with no intent to depart. Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of the state of California.

13.    **Defendant Wayfair, LLC**. Wayfair is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in Boston, Massachusetts. (Stevenson Dec. ¶¶ 7-8.)

14.    The citizenship of a limited liability company is determined by the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

15.    Wayfair, LLC's sole member is SK Retail, Inc. ("SK Retail"). (Stevenson Dec. ¶ 9.)

16.    SK Retail is, and at the time of the commencement of this action was, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the

69057403v.2

state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17. SK Retail is incorporated under the laws of the State of Massachusetts (Stevenson Dec. ¶ 9.) Furthermore, as shown below, SK Retail's principal place of business is, and has been at all times since this action commenced, located in the State of Massachusetts. (*Id*.)

18. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id*. at 78. ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

19. Under the "nerve center" test, Massachusetts emerges as SK Retail's principal place of business. SK Retail's corporate headquarters are located in Boston Massachusetts where SK Retail's high level officers direct, control, and coordinate Wayfair's activities. (Stevenson Dec. ¶ 9.) SK Retail's high level corporate officers maintain offices in Boston, and many of SK Retail's corporate level functions are performed in the Boston office. (*Id*.) Therefore, for purposes of diversity of citizenship, SK Retail is, and has been at all times since this action commenced, a citizen of the State of Massachusetts. 28 U.S.C. § 1332(c)(1).

20. Because Ramirez is a citizen of California and Wayfair is a citizen of Massachusetts, complete diversity exists.

21. **Doe Defendants.** Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"). Thus, the existence of Doe defendants one through fifty, inclusive, does not deprive this Court of jurisdiction.

## IV.   DIVERSITY JURISDICTION: AMOUNT IN CONTROVERSY

22.   While Wayfair denies any liability as to Ramirez's claims, the amount in controversy requirement is satisfied because Ramirez seeks remedies far in excess of the $75,000 threshold. In fact, Ramirez seeks "**an amount exceeding $250,000**" as to each cause of action. (Compl. Prayer for Relief) (emphasis added).

23.   An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

24.   In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

25.   As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*,

372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the court may consider facts presented in the removal petition).

26.     In the Complaint, Ramirez seeks to recover "lost wages and benefits and other monetary relief," "compensatory damages," "general and special damages," "punitive damages," and "attorneys' fees." (Compl. Prayer for Relief.)

27.     **Lost Wages.** Ramirez's hourly rate at the time of the termination of her employment was $15.50 per hour. (Stevenson Dec. ¶ 4.) She worked approximately 35 hours per week. (*Id.*) In the Complaint, Ramirez alleges that Wayfair terminated her employment on February 4, 2021 (Compl. ¶ 60), and she seeks "lost wages and benefits…." (Compl. ¶ 62.) To date, Ramirez has already incurred approximately two months of lost compensation. Assuming this case goes to trial in February 2022, which is one year from the time she filed her Complaint and fourteen months from the time she alleges to have been wrongfully terminated, Ramirez's lost compensation will total approximately $30,380. This amount does not include the value of benefits, nor does it include front pay.

28.     In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc*., No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters*., 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

69057403v.2

29.     An award of three years' front pay would entitle Plaintiff to more than $84,630.00 in additional recovery. *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, \*4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc*., 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed $115,010.

30.     **Alleged Retaliation.** Ramirez alleges that Wayfair retaliated against her for requesting an accommodation of her disability. (Compl. ¶¶ 40-41.) Recent verdicts show that recovery in retaliation cases typically exceeds $75,000. *See*, *e.g.*, *Pinter-Brown v. The Regents of the University of California*, BC624838, 2018 WL 1059156 (Los Angeles Sup. Ct. Feb. 15, 2018) (awarding $13,011,671 to employee who claimed she was constructively discharged and retaliated against for making a formal complaint about her colleagues, and was thereafter called a "diva" and an "angry woman" and was targeted in various work audits); *Rodriguez v. Valley Vista Services, Inc.*, 2013 WL 8603615 (Los Angeles Sup. Ct. Jan. 14, 2013) (awarding $21,798,446 to customer service representative employee who alleged she was retaliated against and wrongfully terminated for taking a medical leave); *Cochran v. CBS Corporation*, 2012 WL 6708605 (Los Angeles Sup. Ct. Nov. 21, 2012) (awarding $8,546,384 to former TV game show actress employee who alleged she was retaliated against for making complaints that she was being discriminated against because she was pregnant); *Sargent v. Board of Trustees of Cal. State Univ.*, 2017 WL 2617753 (Sonoma County Sup. Ct. Mar. 15, 2017) ("jury found in favor of Sargent on his whistleblower retaliation claim, awarding him $152,980 in past economic damages, $118,915 in future economic damages"); *Hoeper v. City and County of San Francisco*, 2017 WL 1136098 (San Francisco County Sup. Ct. Mar. 17, 2017) ("jury found for the plaintiff and awarded her $601,630 in past lost earnings, $136,318 in future lost earnings, and $1,291,409 for emotional distress, mental anguish

and humiliation"); *Carroll v. Armstrong*, 2016 WL 7094518 (Sacramento County Sup. Ct. Aug. 10, 2016) ("jury found for the plaintiff and awarded her $481,225.00 for past lost earnings, $932,200 for future lost earnings, $681,103 for future pension plan benefits, and $750,000 for emotional distress, pain and suffering"); *Hawkins v. City of Los Angeles*, 2016 WL 8649664 (Los Angeles County Sup. Ct. Jun. 17, 2016) (plaintiff "was awarded $88,531 in economic damages and $150,000 in non-economic damages"); *Kelley v. Merle Norman Cosmetics, Inc.*, 2015 WL 9584679, at *4 (Cal. Ct. App. Dec. 30, 2015) ("the jury found Merle Norman liable for retaliation, for failing to prevent retaliation, and for retaliating against plaintiff in violation of Labor Code § 1102.5 … [The] jury awarded plaintiff a total of $1,055,236 -- $293,410 in past economic losses, $401,826 in future economic losses, and $360,000.00 for past economic losses").

31.   Here, Plaintiff alleges in her Complaint that Wayfair retaliated against her for requesting an accommodation of her disability. (Compl. ¶¶ 40-41.) The recent verdict awards cited herein demonstrate that, for diversity purposes, the value of Ramirez's retaliation claim exceeds the $75,000 amount in controversy requirement.

32.   **Emotional Distress Damages.** In addition to compensatory damages, Ramirez claims emotional distress damages. (Compl. ¶¶ 19, 28, 36, 44, 54.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. Feb. 13, 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. *Id.*

33.   In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g.*, *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct. Jul. 19, 2013) (jury awarded

DEFENDANT'S NOTICE OF REMOVAL

69057403v.2

$157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct. Nov. 12, 2013) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct. Dec. 17, 2013) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct. Mar. 8, 2011) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct. Feb. 4, 2011) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

34.     **Punitive Damages.** Ramirez also seeks punitive damages in connection with her claims. (Compl. ¶¶ 20, 29, 37, 46, 47, 56, 64, Prayer for Relief.) Punitive damages may be included in the amount in controversy where they are recoverable under an applicable statute. *See Thompson*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. Feb. 13, 2017) (stating that "[b]ecause plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here"). For purposes of determining the amount in controversy, the Court must assume that Ramirez will prevail on his claim for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damage award).

35.     Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009); *Thompson*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 at *4 (citing to cases in which the plaintiffs were awarded punitive damages valued at $2 million and $800,000 for discrimination and retaliation cases under FEHA in finding that defendant "met its

DEFENDANT'S NOTICE OF REMOVAL

69057403v.2

burden of showing that punitive damages awards in analogous cases often exceed the jurisdictional minimum on their own"); *Crangle v. Stanford Univ.*, JVR No. 802904, 2000 WL 33727181 (N.D. Cal. 2000) (punitive damages award of $200,000 where sole remaining claim was for retaliation based on making complaint of discrimination). Accordingly, Ramirez's request for punitive damages shows that it is more likely than not that the amount placed in controversy by his Complaint exceeds $75,000.

36.     For each of the foregoing reasons, and while Wayfair denies any liability as to Ramirez's claims and denies that Ramirez has suffered any damages whatsoever, it is clear that it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). *See Thompson*, , No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. Feb. 13, 2017) (denying motion to remand where plaintiff's request for lost wages, emotional distress damages, punitive damages, and attorneys' fees in discrimination case made clear that the jurisdictional amount in controversy was easily met).

## V.     VENUE

37.     Venue lies in the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California for the County of Riverside, which is located within the Central District of California, Eastern Division.

## VI.     NOTICE OF REMOVAL

38.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California for the County of Riverside. This Notice of Removal also will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly after these papers are filed and served.

DEFENDANT'S NOTICE OF REMOVAL
69057403v.2

VII.   **PRAYER FOR REMOVAL**

39.    Wherefore, Wayfair prays that this civil action be removed from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California.

DATED: April 2, 2021                    SEYFARTH SHAW LLP


By: */s/ Joshua A. Rodine*
Joshua A. Rodine
Attorneys for Defendant
WAYFAIR, LLC

DEFENDANT'S NOTICE OF REMOVAL
69057403v.2