# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
**2/17/2021**
J. Hendrickson
Electronically Filed

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAYFAIR, LLC, a Delaware Limited Liability Corporation and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIANA RAMIREZ, an Individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Superior Court 4050 Main Street, Riverside, CA 92501 | CASE NUMBER: *(Número del Caso):* **CVRI2100871** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tiara Gose, Esq., Barkhordarian Law Firm, 6047 Bristol Pkwy., Second Floor, Culver City, CA 90230, Tel (323) 450-2777.

| DATE: *(Fecha)* **2/17/2021** | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WAYFAIR, LLC, a Delaware Limited Liability Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **HEMET** 880 N. State St., Hemet, CA 92543
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
- ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*: | FOR COURT USE ONLY |
|---|---|
| Tiara Gose (SBN: 323823)<br>Barkhordarian Law Firm<br>6047 Bristol Parkway, 2nd Floor<br>Culver City, CA 90230<br><br>TELEPHONE NO: 323-450-2777   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: Tiara@barklawfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Mariana Ramirez | **FILED**<br>Superior Court of California<br>County of Riverside<br>**2/17/2021**<br>J. Hendrickson<br>Electronically Filed |
| PLAINTIFF/PETITIONER: Mariana Ramirez<br><br>DEFENDANT/RESPONDENT: Wayfair, LLC, a Delaware Corporation | CASE NUMBER:<br>**CVRI2100871** |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:   92571

☐   The action concerns real property located in the zip code of:   _____

☐   The Defendant resides in the zip code of:   _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   February 17, 2021   _____

Tiara Gose   ▶   /s/ Tiara Gose
_____   _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)   (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 08/15/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tiara Gose (SBN: 323823)<br>Barkhordarian Law Firm<br>6047 Bristol Parkway, Second Floor, Culver City, CA 90230<br><br>TELEPHONE NO.: (323) 450-2777   FAX NO. *(Optional):* (310) 215-3416<br>ATTORNEY FOR *(Name):* Plaintiff, Mariana Ramirez | **FILED**<br>Superior Court of California<br>County of Riverside<br><br>2/17/2021<br>J. Hendrickson<br><br>Electronically Filed |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Superior Court

CASE NAME:
Mariana Ramirez v. Wayfair, LLC, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CVRI2100871**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[x] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 17, 2021

Tiara Gose                                                                     ▶ /s/ Tiara Gose
_____                    _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

1 | **GREGORY P. WONG (SBN: 204502)**
**TIARA GOSE (SBN: 323823)**
2 | **BARKHORDARIAN LAW FIRM, PLC**
6047 Bristol Parkway, Second Floor
3 | Culver City, CA 90230
Telephone: (323) 450-2777
4 | Facsimile: (310) 215-3416
Email: Tiara@barklawfirm.com
5 |

**FILED**
Superior Court of California
County of Riverside
**2/17/2021**
**J. Hendrickson**
Electronically Filed

**Attorneys for Plaintiff**
6 | **MARIANA RAMIREZ**

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF RIVERSIDE

10

11 | MARIANA RAMIREZ, an Individual,     **CASE NO.:   CVRI2100871**

12 | Plaintiff,                          **COMPLAINT FOR:**

13 | vs.                                 1) **Disability Discrimination in Violation of FEHA;**

14 | WAYFAIR, LLC, a Delaware Limited
Liability Corporation; and DOES 1     2) **Failure to Provide Reasonable Accommodation;**
15 | through 100, inclusive,

16 | Defendants.                         3) **Failure to Engage in the Interactive Process;**

17 |                                      4) **Retaliation in Violation of FEHA;**

18 |                                      5) **Failure to Prevent Discrimination and Retaliation; and**

19 |                                      6) **Wrongful Termination in Violation of Public Policy.**
20

21 |                                      **UNLIMITED CIVIL**
                                         **DEMAND FOR JURY TRIAL**
22

23

24

25

26

27

28

1    Plaintiff Mariana Ramirez (hereinafter "Plaintiff") alleges, and states as follows:

2                                        **PARTIES**

3         1.      Plaintiff MARIANA RAMIREZ, at all times relevant herein, was, and is, an

4    individual residing in the City of Moreno Valley, County of Riverside, State of California.

5         2.      Defendant WAYFAIR, LLC, (hereafter referred as Defendants) is a Delaware

6    limited liability corporation doing business in Perris, California. Plaintiff is informed and

7    believes, and thereon alleges, that Defendants regularly employed five or more persons at all

8    relevant times to this action.

9         3.      Plaintiff is ignorant of the true names and capacities, whether individual,

10   corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1

11   through 100, inclusive, and for that reason sues said Defendants, and each of them, by such

12   fictitious names.   Plaintiff is informed, believes, and thereupon alleges that each of the

13   Defendants Does 1 through 100, inclusive, is and was in some manner responsible for,

14   participated in, or contributed to the matters and things of which Plaintiff complains herein, and in

15   some fashion, has legal responsibility, therefore. When Plaintiff ascertains the names and

16   capacities of the fictitiously named Defendants Does 1 through 100, inclusive, Plaintiff will seek

17   leave to amend this Complaint to set forth such facts.

18        4.      Plaintiff is informed, believes, and there upon alleges that each Defendant is, and

19   at all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the

20   acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with

21   the knowledge, permission, and consent of his, her, or its co-Defendants.

22                              **JURISDICTION AND VENUE**

23        5.      This Court has jurisdiction over this action and the matters alleged herein pursuant

24   to the grant of original jurisdiction set forth in Article VI, Section 10 of the California

25   Constitution.  The statutes under which this action are brought do not specify any other basis for

26   jurisdiction.

27        6.      This Court has jurisdiction over Defendants because, upon information and belief,

28   each Defendant is either a citizen of California, has sufficient minimum contracts in California, or

COMPLAINT

1   otherwise intentionally avails itself of the California market so as to render the exercise of

2   jurisdiction over it by this Court consistent with traditional notions of fair play and substantial

3   justice.

4         7.     Venue is proper in this Court, because, upon information and belief, one or more

5   of the named Defendants resides, transacts business or has offices in this county and the acts or

6   omissions alleged herein took place in this county.

7         8.     Plaintiff hereby demands a trial by jury.

8   **FACTS COMMON TO ALL CAUSES OF ACTION**

9         9.     Plaintiff is informed and believes, and based thereon alleges, that Defendants are

10  engaged in the business of operating an e-commerce company that sells furniture and home-goods

11  in the city of Perris, California.

12       10.    Plaintiff was hired by Defendants sometime in 2017 or 2018 as forklift operator.

13       11.    On or about January 30, 2021, Plaintiff injured her back while lifting heavy boxes

14  at work. Plaintiff immediately notified Defendants' operations manager and Plaintiff's supervisor.

15  At this time, Plaintiff asked if she could be sent to a different department. Defendants denied

16  Plaintiff's request and instead sent her home.

17       12.    Defendants told Plaintiff to return to work on her next scheduled workday, which

18  was February 4, 2021. On this day, Plaintiff was terminated. Defendants stated that she was being

19  terminated for refusing work and abandoning the job on January 30, 2021.

20       13.    Plaintiff filed a complaint of discrimination with the DFEH and was issued a right

21  to sue letter on February 15, 2021.

22  **FIRST CAUSE OF ACTION**

23  **Disability Discrimination in Violation of FEHA**

24  **(Against all Defendants)**

25       14.    Plaintiff refers to and incorporates herein by the above paragraphs as though fully

26  set forth herein.

27       15.    At all times herein mentioned, California's Fair Employment and Housing Act

28  ("FEHA"), Cal. Gov't Code § 12900, *et seq.*, was in full force and effect and was fully binding

1    upon Defendants. Cal. Gov't Code § 12940(a) prohibits an employer from discharging an

2    employee because of a physical disability or because the employee is regarded as having a

3    physical disability.

4         16.    The actions of Defendants in terminating the employment of the Plaintiff because

5    of her physical disability or perceived physical disability violated Cal. Gov't Code § 12940(a).

6         17.    Plaintiff faced discrimination after she sustained an injury to her back. Defendants

7    knew of Plaintiff's injury and instead of accommodating Plaintiff, Defendants terminated her.

8         18.    As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

9    Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment

10   benefits and has incurred other economic losses.

11        19.    As a further direct, foreseeable, and proximate result of Defendants' unlawful

12   actions, Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment,

13   all to the Plaintiff's damage in an amount to be proven at the time of trial.

14        20.    Defendants committed the acts herein despicably, maliciously, fraudulently, and

15   oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

16   amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

17   Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to

18   proof.

19                           **SECOND CAUSE OF ACTION**

20                    **Failure to Provide Reasonable Accommodation**

21                             **(Against All Defendants)**

22        21.    Plaintiff refers to and incorporates herein by reference the above paragraphs as

23   though fully set forth herein.

24        22.    The Fair Employment and Housing Act, Government Code § 12940, et seq. (the

25   "FEHA") makes it unlawful for a covered employer to "fail to make reasonable accommodation

26   for the known physical disability of an … employee." Government Code § 12940 (m).

27        23.    Plaintiff was a disabled person covered by the FEHA, because, as alleged above,

28   she suffered from a physical disability that limited her ability to participate in the major life

                                        4
                                     COMPLAINT

1   activities of working.

2          24.     On January 30, 2021, Plaintiff suffered from an on-the-job injury and asked to be

3   moved to a different department.

4          25.     Instead of accommodating Plaintiff or working with Plaintiff to determine how to

5   best accommodate her, Defendants terminated Plaintiff.

6          26.     Defendants failed to reasonably accommodate Plaintiff's disability and, instead,

7   terminated her employment.

8          27.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered and

9   continues to suffer substantial losses in earnings and other employment benefits, has incurred

10  attorneys' fees and medical bills, all to her damage in excess of the minimum jurisdiction of this

11  court, the precise amount to be proved at the time of trial. Plaintiff claims such amount as

12  damages together with prejudgment interest pursuant to *Civil Code* § 3287 and/or any other

13  provision of law providing for pre-judgment interest.

14         28.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered and

15  continues to suffer substantial anxiety, humiliation, mental anguish, embarrassment, worry,

16  sleeplessness, mental and emotional distress, loss of reputation, and other incidental damages and

17  out-of-pocket expenses, all to Plaintiff's general damage in excess of the minimum jurisdiction of

18  this court, with the precise amount to be proved at the time of trial.

19         29.     Defendants, in performing the acts alleged above, acted with a conscious disregard

20  of Plaintiff's rights, and with the intent to vex, injure and annoy Plaintiff, such as to constitute

21  oppression, fraud or malice under California *Civil Code* § 3294 thereby entitling Plaintiff to

22  exemplary or punitive damages.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

### THIRD CAUSE OF ACTION

**Failure to Engage in Interactive Process**

**(Against all Defendants)**

30.     Plaintiff refers to and incorporates herein by the above paragraphs as though fully set forth herein.

31.     At all times mentioned herein, the California Fair Employment and Housing Act (Gov. Cod Sec. 12940, et seq.) was in full force and effect, and required Defendants to engage in a good-faith interactive process with Plaintiff to determine whether or not a reasonable accommodation of Plaintiff's disabilities was possible.

32.     At all relevant times herein mentioned, Plaintiff was a disabled person covered by the FEHA, because, as alleged above, she suffered from a physical disability that limited her ability to participate in major life activities of working. Defendants were aware that Plaintiff suffered from a disability because Plaintiff informed Defendants and requested accommodations. At all times, Plaintiff was willing to participate in a good-faith interactive process to determine whether reasonable accommodation could be made.

33.     Defendants refused to engage in the interactive process, and instead summarily denied all of Plaintiff's requests for accommodation, and then terminated Plaintiff's employment.

34.     Plaintiff did not cause the breakdown of the interactive process.   Rather, the breakdown in the interactive process was caused by Defendant.

35.     As a result of Defendants' failure to engage in a good-faith interactive process, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits, has incurred attorneys' fees and medical bills, all to his damage in excess of the minimum jurisdiction of this court, the precise amount to be proved at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

36.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer substantial anxiety, humiliation, mental anguish, embarrassment, worry, sleeplessness, mental and emotional distress, loss of reputation, and other incidental damages and

1    out-of-pocket expenses, all to Plaintiff's general damage in excess of the minimum jurisdiction of

2    this court, with the precise amount to be proved at the time of trial.

3         37.    Defendants, in performing the acts alleged above, acted with a conscious disregard

4    of Plaintiff's rights, and with the intent to vex, injure and annoy Plaintiff, such as to constitute

5    oppression, fraud or malice under California Civil Code § 3294 thereby entitling Plaintiff to

6    exemplary or punitive damages.

7                            **FOURTH CAUSE OF ACTION**

8                          **Retaliation in Violation of FEHA**

9                              **(Against All Defendants)**

10        38.    Plaintiff refers to and incorporates herein by reference all of the above paragraphs

11   as though fully set forth herein.

12        39.    At all times relevant, Plaintiff was an employee of Defendants.

13        40.    After Plaintiff became disabled, she requested an accommodation. Defendants sent

14   Plaintiff home for the day and after returning to work on her next scheduled workday, Defendants

15   terminated Plaintiff.

16        41.    Defendants retaliated against Plaintiff by terminating her because she requested an

17   accommodation.

18        42.    Plaintiff's request for an accommodation is protected activity under FEHA,

19   *Government Code* section 12900 et seq., and Plaintiff's engagement in the protected activity was

20   a substantial motivating factor in Defendants' decision to terminate Plaintiff.

21        43.    As a proximate result of Defendants' willful, knowing, and intentional retaliation

22   against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and

23   other employment benefits.

24        44.    As a proximate result of Defendants' willful, knowing, and intentional unlawful

25   actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional

26   distress, physical pain and mental pain and anguish, all to her damage in a sum according to

27   proof.

28   ///

45.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

46.    Defendants' retaliation against Plaintiff was done intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

47.    Defendants' retaliation against Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation

### (Against all Defendants)

48.    Plaintiff refers to and incorporates herein by the above paragraphs as though fully set forth herein.

49.    Defendants are subject to suit under the FEHA, in that they are employers who regularly employ five or more persons.

50.    Plaintiff was an employee of the Defendants and was subjected to discrimination by Defendants due to her disability.

51.    When Plaintiff injured her back, Defendants engaged in conduct intended to frustrate Plaintiff. Plaintiff attempted to seek help regarding her injury, but she was met with Defendant's discrimination and ultimately wrongfully termination of Plaintiff.

52.    When Plaintiff injured her back, she asked Defendants if she could work in a different department until she is seen and treated by a physician. Defendants' agents refused to allow Plaintiff to work in a different department and they simple sent Plaintiff home.

53.    Plaintiff returned to work on February 4, 2021. She worked for a few hours before being terminated by the Defendants' agent. Plaintiff was told that she was being terminated because she refused work on January 30, 2021, despite being injured and sent home. Plaintiff was

1  instructed to not visit a doctor using Plaintiff's insurance, but to find her own.

2      54.    Plaintiff is informed and believes, and based thereon alleges, that as a direct and

3  proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic

4  detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses,

5  and benefits, including, but not limited to, retirement savings, life, and medical/health insurance,

6  and prejudgment interest in an amount to be determined at trial.

7      55.    Plaintiff is informed and believe, and based thereon alleges, that as a further direct

8  and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer

9  substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and

10  physical distress, pain and suffering, and has been generally damaged in an amount to be

11  determined at trial.

12      56.    Plaintiff is informed and believe, and based thereon alleges, that Defendants

13  willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without

14  excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil

15  motive which constitutes a malicious and conscious disregard of Plaintiff's rights.  By reason

16  thereof, Plaintiff is entitled to an award of exemplary and punitive damages against the

17  Defendants sufficient to punish and deter Defendants from engaging in such conduct in the future

18  in an amount to be determined at trial.

19      57.    As a direct result of the conduct of the Defendants as set forth above, Plaintiff was

20  forced to incur substantial attorney's fees and costs which are recoverable under California

21  Government Code section 12965(b).

22                      **SIXTH CAUSE OF ACTION**

23              **Wrongful Termination in Violation of Public Policy**

24                      **(Against all Defendants)**

25      58.    Plaintiff refers to and incorporates herein by the above paragraphs as though fully

26  set forth herein.

27      59.    At all times mentioned herein, the California Fair Employment and Housing Act

28  (Gov. Cod Sec. 12940, *et seq.*) was in full force and effect, and delineated fundamental,

1  substantial, and well-established policies that benefit the public at large rather than private

2  interests and were binding upon Defendant at the time of Plaintiff's termination.

3       60.    On or about February 4, 2021, Defendant terminated Plaintiff's employment

4  because Plaintiff was disabled and requested an accommodation.

5       61.    Defendants' termination of Plaintiff was wrongful and violated the public policy of

6  the State of California, as expressed in the California Labor Code.

7       62.    Plaintiff is informed and believes, and based thereon alleges, that as a direct and

8  proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic

9  detriment and monetary damages, including, but not limited to, loss of wages and benefits in an

10  amount to be determined at trial.

11       63.    Plaintiff is informed and believes, and based thereon alleges, that as a further direct

12  and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer

13  substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and

14  physical distress, pain and suffering, and has been generally damaged in an amount to be

15  determined at trial.

16       64.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17  willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without

18  excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil

19  motive which constitutes a malicious and conscious disregard of Plaintiff's rights.  By reason

20  thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants

21  sufficient to punish and deter Defendants from engaging in such conduct in the future in an

22  amount to be determined at trial.

23  **PRAYER FOR DAMAGES**

24       WHEREFORE, Plaintiff prays for judgment against Defendants, and DOES 1 through

25  100, inclusive, and each of them, jointly and severally, as follows:

26  ///

27  ///

28  ///

## ON THE FIRST CAUSE OF ACTION

### (Disability Discrimination)

1. For lost wages and benefits and other monetary relief in an amount to be determined at trial, but in an amount exceeding $250,000;

2. For compensatory damages in an amount to be determined at trial;

3. For general and special damages in an amount to be determined at trial; and

4. For punitive damages in an amount to be determined at trial.

## ON THE SECOND CAUSE OF ACTION

### (Failure to Accommodate)

1. For lost wages and benefits and other monetary relief in an amount to be determined at trial, but in an amount exceeding $250,000;

2. For compensatory damages in an amount to be determined at trial;

3. For general and special damages in an amount to be determined at trial; and

4. For punitive damages in an amount to be determined at trial.

## ON THE THIRD CAUSE OF ACTION

### (Failure to Engage in the Interactive Process)

1. For lost wages and benefits and other monetary relief in an amount to be determined at trial, but in an amount exceeding $250,000;

2. For compensatory damages in an amount to be determined at trial;

3. For general and special damages in an amount to be determined at trial; and

4. For punitive damages in an amount to be determined at trial.

///
///
///
///

## ON THE FOURTH CAUSE OF ACTION

### (Retaliation)

1.     For lost wages and benefits and other monetary relief in an amount to be determined at trial, but in an amount exceeding $250,000;

2.     For compensatory damages in an amount to be determined at trial;

3.     For general and special damages in an amount to be determined at trial; and

4.     For punitive damages in an amount to be determined at trial.

## ON THE FIFTH CAUSE OF ACTION

### (Failure to Prevent Discrimination and Retaliation)

1.     For lost wages and benefits and other monetary relief in an amount to be determined at trial, but in an amount exceeding $250,000;

2.     For compensatory damages in an amount to be determined at trial;

3.     For general and special damages in an amount to be determined at trial; and

4.     For punitive damages in an amount to be determined at trial.

## ON THE SIXTH CAUSE OF ACTION

### (Wrongful Termination)

1.     For lost wages and benefits and other monetary relief in an amount to be determined at trial, but in an amount exceeding $250,000;

2.     For compensatory damages in an amount to be determined at trial;

3.     For general and special damages in an amount to be determined at trial;

4.     For punitive damages in an amount to be determined at trial; and

5.     For attorneys' fees.

///
///
///
///

**AS TO ALL CAUSES OF ACTION:**

    1.      For an award of reasonable attorneys' fees, costs, expert costs, and expenses pursuant to statutory and common law; and

    2.      For such other and further relief as this Court may deem just, fair, and proper.

DATED: February 17, 2021

Respectfully Submitted,
BARKHORDARIAN LAW FIRM, PLC

/s/ *Tiara Gose*

_____
Gregory P. Wong
Tiara Gose
Attorneys for Plaintiff Marianna Ramirez